```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**DAN USNER AUTO CARE, INC., ET AL.**          **CIVIL ACTION**

**VERSUS**                                      **NO. 06-7835**

**UNITED NATIONAL INSURANCE COMPANY, ET AL.**   **SECTION B(5)**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand (Rec. Doc. No. 9). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED** in part and **DENIED** in part.

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs Dan Usner Auto Care, Inc. and/or Daniel H. Usner, Sr. sustained significant damage to commercial property as a result of Hurricane Katrina. An agent of Alvarez-Donnaway-Passons ("Alvarez") procured Plaintiffs' commercial property insurance policy from United National Insurance Company ("United") in October of 2004. Plaintiffs' United insurance policy was effective on August 29, 2005.

On August 25, 2006, Plaintiffs filed suit against United National Insurance Company and Alvarez-Donnaway-Passons ("Alvarez") in the Civil District Court for the Parish of Orleans. Plaintiffs asserted claims of breach of contract and bad faith for United

1

National Insurance Company's ("United") failure to pay Plaintiffs' insurance claim. Plaintiffs further alleged that defendant Alvarez negligently assured Plaintiff that additional flood insurance was unnecessary and misrepresented the adequacy of Plaintiffs' insurance coverage.[1] Defendant United removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

United contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. United argues that Alvarez, the non-diverse insurance consultant, was improperly joined as a defendant. United further contends that federal question jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act (MMJTA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

Plaintiffs contend Alvarez was properly joined as a defendant, therefore, diversity of citizenship is destroyed. Further, Plaintiffs contend MMJTA is not applicable and supplemental jurisdiction does not exist pursuant to 28 U.S.C. § 1441(e)(1)(B). Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

***DISCUSSION***

**A.   Improper Joinder**

---

[1] Petition For Damages, ¶ 12.

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendant Alvarez procured Plaintiffs' United insurance policy in October of 2004. United contends Plaintiffs' claims against Alvarez are perempted under Louisiana Revised Statute 9:5606. Thus, United claims defendant insurance agents are improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Plaintiffs' claims are within the three year peremptive period. However, the determinative issue before the court is

4

whether Plaintiffs should have discovered the alleged acts or omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Similarly, Plaintiffs allege Alvarez failed to procure adequate insurance. Without further factual development regarding the basis for Plaintiffs reliance and whether or not the reliance was well founded, the Court cannot conclude that Plaintiffs have no possibility of recovery against the in-state defendants.

Therefore, the Court finds the defendant insurance agents were

not improperly joined.

**B.   Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

United contends jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B)considering Plaintiffs' claims arose from Hurricane Katrina.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing

> the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[2]  Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist.

---

[2] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

Finding that Defendant's basis for removal was reasonably objective, **IT IS FURTHER ORDERED** that Plaintiff's motion for costs is **DENIED**.

New Orleans, Louisiana this 8th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE